IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave., Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>     Plaintiff,<br>  v.<br><br>CLASSIC COFFEE, a California corporation; FREDERICK G. SPARLING; and LOIS L. SPARLING,<br><br>     Defendants. | **Case No.** 26-cv-4425<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1

JAMES ALGER ("Plaintiff") complains against CLASSIC COFFEE, a California corporation; FREDERICK G. SPARLING; and LOIS L. SPARLING (collectively, "Defendants") as follows:

## INTRODUCTION

1.      More than thirty years have passed since Congress enacted the Americans with Disabilities Act ("ADA"), the landmark civil rights statute designed to ensure that people with disabilities can participate fully in the nation's social and economic life. 42 U.S.C. § 12101(a). Yet, despite this long-standing obligation, Defendants, the owners, operators, lessors, and/or lessees of Classic Coffee located at 148 N Glendora Ave., Glendora, CA ("Classic Coffee"), have not provided individuals with disabilities, including Plaintiff, equal access to the goods and services offered at their coffee shop. Architectural barriers at the facility continue to prevent Plaintiff and other customers who use wheelchairs, scooters, or other mobility devices from using and enjoying the premises on the same terms as patrons without disabilities. These accessibility failures violate the ADA.

## JURISDICTION

2.      The United States District Court, Central District of California, has original federal question jurisdiction of the action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12101 et seq.

## VENUE

3.      All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c). Additionally, the real property that is the subject of this action is located in the United States District Court, Central District of California.

## PARTIES

4.      Plaintiff JAMES ALGER is and at all times relevant here was, a

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

2

qualified individual with a physical disability. Plaintiff suffers from Charcot-Marie-Tooth disease ("CMT"), a disease of the peripheral nerves that control muscles and causes progressive loss of function and sensation in the hands, arms, legs, and feet. CMT is a form of inherited peripheral neuropathy. A work injury caused this condition to accelerate rapidly. This physical impairment substantially limits Plaintiff's major life activities including, but not limited to, walking as well as fine motor skills. As a result, he relies on a wheelchair or a scooter for mobility. He is able to drive a vehicle equipped with hand controls. Plaintiff has continuously held a permanent disabled parking placard issued to him by the State of California since approximately 1994. He lives in Porter Ranch, California.

5.    Defendants currently own, operate, and/or lease Classic Coffee, and did so at all times relevant to this Complaint. Classic Coffee is a coffee shop open to the public. Classic Coffee is a "public accommodation" subject to requirements of the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et seq.*

## FACTUAL ALLEGATIONS

6.    On March 6, 2026, Plaintiff was visiting his son in Pomona, where his son attends college. After leaving Pomona, Plaintiff and his son stopped in Glendora to get something to eat.

7.    As they proceeded along Glendora Avenue, they came upon Classic Coffee. The weather was pleasant, and Plaintiff intended to enjoy coffee with his son at the outdoor seating area. The outdoor tables, however, were not accessible because they lacked sufficient depth. Each table had a center pedestal that reduced the usable depth to less than the 19 inches minimum required knee/toe clearance depth, preventing Plaintiff from positioning his mobility scooter under any of the tables and using the surfaces in a functional manner.

8.    Plaintiff and his son then went inside. After purchasing a bagel and beverages, Plaintiff attempted to sit at an interior table. The interior tables were

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

likewise not accessible for the same reason as the exterior tables. They lacked sufficient depth due to a center pedestal, which prevented Plaintiff from positioning his mobility scooter underneath the table. As a result, Plaintiff was forced to sit parallel to the table rather than facing it and was unable to eat over the surface.[1]

9.    Due to his disability, Plaintiff has limited hand strength and dexterity and relies on a table surface while eating to prevent food items from falling. Because the table lacked adequate depth and Plaintiff could not position himself properly to eat over it, he was required to eat in an awkward sideways position and dropped his bagel onto the ground while attempting to eat.

10.    The incident was humiliating to Plaintiff. As a result, Plaintiff threw the bagel in the trash and left the premises. Plaintiff is deterred from returning because the subject premises are inaccessible but intends to return if the barriers are removed and the facility is made accessible. The coffee shop is conveniently located along Plaintiff's route to and from his son's college, which he visits frequently.

11.    Prior to filing this action, and as part of counsel's pre-suit due diligence, Plaintiff's counsel retained a third party to conduct a sub-rosa inspection of the subject premises, including taking measurements and documenting accessibility barriers encountered by Plaintiff. That inspection confirmed the existence of the barriers described herein. In furtherance of this due diligence, Plaintiff's counsel also consulted with a CASp regarding applicable accessibility requirements and conditions at the subject property. Based on this consultation and investigation, the following barriers to access, related to Plaintiff's disabilities, are present at the subject premises:

---

[1] He would have encountered the same issue had he been using his wheelchair that day.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

4

a. No 5% ADA dining surfaces at exterior area

b. No 5% ADA dining surfaces at interior seating

c. No 5% ADA dining surfaces at hallway seating

d. Floor mat is a tripping hazard in hallway

e. Restroom door lock requires twisting

f. Restroom pipes under sink are not insulated

g. Restroom sink rim height is over 34"

h. Restroom reflecting edge of mirror is over 40"

i. Restroom soap dispenser is over 40" high to operable part.

j. Restroom grab bars are over 36" high

k. Restroom coat hook is over 48" high

l. Restroom toilet paper dispenser is not centered 7-9" from edge of WC

m. Floor deck has openings (horizontal) over 1/2"

n. No 30x48" clear space in front of the seat cover dispenser

o. No clear transfer space between WC and sink (min. 28")

12. The barriers encountered by Plaintiff are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's counsel's access expert. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).

**FIRST CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

13. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

5

14. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. § 12101 regarding persons with physical disabilities:

(1) physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

(2) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(3) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(4) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

(5) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities;

(6) census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally;

(7) the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and

(8) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

15. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101(b)):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

16. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. §12181, *et seq.).* Among the public accommodations identified for purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private entities are considered

public accommodations for purposes of this title, if the operations of such entities affect commerce -

——

(B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

17. Pursuant to §302, 42 U.S.C. §12182(a), "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

18. The specific prohibitions against discrimination set forth in 42 U.S.C. §12182(b)(2)(A) are:

(i)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

8

absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

19.    The acts of Defendants set forth herein were a violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder.

20.    The removal of the barriers complained of by Plaintiff alleged in this Complaint were at all times "*readily achievable*." On information and belief, Defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i) and (ii).

21.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Barrier removal is readily achievable in this case because the identified violations consist largely of straightforward, low cost, and non-structural modifications that can be completed using standard materials and routine

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

labor. These include lowering or repositioning fixtures such as sinks, mirrors, soap dispensers, and grab bars, replacing door hardware that requires twisting, securing or removing trip hazards like loose floor mats, adjusting accessory placement to meet reach range requirements, insulating exposed pipes, and reconfiguring furniture or adding a limited number of accessible tables to meet the five percent seating requirement. These corrections can typically be completed without major construction, specialized engineering, or disruption to business operations.

22.    Together, these measures significantly improve accessibility by allowing individuals with disabilities, including Plaintiff, to safely and independently use restrooms, navigate walking surfaces, and access dining areas. They also reduce the risk of injury from hazards such as uneven flooring or improperly installed elements, while bringing the facility into compliance with accessibility standards. This, in turn, helps minimize exposure to complaints, legal liability, and potential financial penalties. When compared to the relatively modest cost and effort required to implement these changes, the benefits of increased safety, equal access, regulatory compliance, and broader customer inclusion clearly outweigh the costs, making barrier removal readily achievable.

23.    On information and belief, alterations to the subject building(s) of Classic Coffee occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA that are specifically addressed in the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

24.    Plaintiff is informed, believes, and alleges that Defendants have denied and continue to deny him full and equal access, which amounts to unlawful discrimination against Plaintiff and other similarly situated people on the basis of their disabilities in violation of the ADA.

25.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

10

§12188, *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of the ADA.

26.    Defendants' acts and omissions giving rise to this action have caused Plaintiff to incur legal expenses and attorney fees to enforce his rights against discrimination and to enforce provisions of the law providing access to public accommodations for disabled persons. Thus, Plaintiff seeks to recover all reasonable attorney's fees, litigation expenses (including expert fees) and costs, pursuant to Section 505 of the ADA (42 U.S.C. Section 12205) and 28 C.F.R. Section 36.505, the Department of Justice's regulations for enforcement of Title III of the ADA.

## PRAYER FOR RELIEF

1.    Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States. The need for relief is critical because the rights at issue are paramount under the laws of the United States.

2.    Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures violated the Americans with Disabilities Act.

3.    Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

11

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide reasonable accommodation for persons with disabilities at Classic Coffee;

    c. To ensure that persons with disabilities are not denied equal benefits at Classic Coffee;

    d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

    e. To maintain such accessible facilities once they are provided;

    f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at Classic Coffee; and

    g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the facilities.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

6. Plaintiff requests any other relief that this Court may deem just and proper.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Date: April 25, 2026                    ALLACCESS LAW GROUP


                                        */s/ Irakli Karbelashvili*
                                        By: IRAKLI KARBELASHVILI, Esq.
                                        Attorney for Plaintiff
                                        JAMES ALGER